Bernard S. Meyer, J.
Petitioner in this article 78 CPLR proceeding owns a dwelling in the Village of Sea Cliff situated on a 20-by-60-foot lot. The dwelling has been used only as a one-family residence, but. does not conform to the regulations-for the Residence A district in which it is situated in that it does not have sufficient front yard or side yard setbacks and occupies more than the permitted lot area. Respondent board concedes that the dwelling was erected on the plot prior to January 1, 1927, the date on which the ordinance was enacted. Petitioner applied for a permit to increase the second-story area by adding a dormer and, the building inspector having denied the permit, petitioner appealed that decision and also applied to the Board of Appeals for a variance allowing erection of the dormer. The board made findings relevant to the appeal but in its conclusions dealt only with the variance, which it denied. Since it is clear from the record before the board that petitioner is entitled to the permit for which he applied as a matter of right, the decision of the board is annulled and the matter is remanded to the board with directions that it order the Building Inspector to issue the permit.
The Building Inspector denied the application and directed petitioner to apply for a variance from the requirements of article II (§ 3, subd. 1, par. [a]) of the ordinance. That section is entitled “ Von-conforming buildings and uses ” and reads as follows:
“ 1. Any non-conforming use existing at the time of the passage of this ordinance may be continued, any existing building designed, arranged, intended or devoted to a non-conforming use, may be reconstructed or structurally altered and the nonconforming use therein changed, subject to the following restriction:
“ (a) The structural alterations made in such a building shall not be enlarged to exceed fifty per cent of the original size unless the use therein is changed to a conforming use.”
*90 The Inspector’s letter stated also that the present building was nonconforming because not in accordance with article IY (§ 1, subd. 2) and article IV (§ 2). The first provides that “In a Residence ' A ’ District no building hereafter erected or enlarged shall occupy or cover more than forty per cent of the area or plot upon which building is to be located ’’ and the second that ‘ ‘ In Residence District ‘A’ * * * no buildings shall be hereafter erected, remodeled or altered to be nearer the street line upon which it fronts than six (6) inches for every foot in width of such street,” and that “ In Residence District ‘ A ’ no buildings shall be erected nearer the side line of the lot than 7 feet ”.
Neither of the sections last referred to proscribes the enlargement of petitioner’s house. In light of the phrase “to be located ” in article IY (§ 1, subd. 2) that section must be construed to prohibit an enlargement which causes the building to occupy more than 40% of the plot, rather than to proscribe enlargement, if otherwise permissible, of a building which before enlargement covers more than 40% of the plot, for otherwise the phrase “to be ” has no meaning. On similar reasoning, petitioner’s house is not being remodelled or altered “ to be nearer ” the street line; the alteration does not affect its location with respect to the street line. Clearly, also, the alteration has nothing to do with erection of the building nearer the side line than 7 feet; it already exists there.
If those sections do not proscribe the proposed enlargement, its proscription can result only from the fact that the building is presently nonconforming. Article II (§ 3, subd. 1, par. [a]), however, permits “ any existing building * * * devoted to non-conforming use * * * [to] be reconstructed or structurally altered ” provided only that the building be not enlarged to exceed 50% of its original size. In the strict sense of the word “use”, petitioner’s building is conforming as to use, since it is used only as a residence. If the phrase '“ devoted to a non-conforming use ” is construed to mean “use” in that sense, then article II (§ 3, subd. 1, par. [a]) has no application to petitioner’s house, and the Building Inspector’s determination was correct. However, both the Building Inspector and the board interpreted “devoted to a non-conforming use ” to include a building used for a permitted purpose but which did not comply with area requirements at the time the ordinance was enacted, for the Inspector directed petitioner to apply for a variance of article II (§ 3, subd. 1, par. [a]) and the board considered the application under that section. That this practical construction is the correct interpretation is borne out by *91 the title of the section, “ Non-conforming buildings and uses ” and by the definition set forth in section (b) of article Y of the ordinance: “ A non-conforming building or use is one that does not conform with the regulations of the use district in which it is situated ”, for the regulations of the use district deal not only with use in the strict sense but also with area requirements, (and see the reference in Matter of Faranda v. Schoepflin, 21 A D 2d 801, to a “ nonconforming use as to area”). A further reason for adopting such a construction is the constitutional question that would be raised were the ordinance interpreted to permit 50% enlargement of a building nonconforming as to use, while denying that right to a building nonconforming as to area requirements.
Since the board found as a fact that the present building has an area of 545 square feet and the addition would have an area of 250 square feet, the enlargement is less than 50% of the original size and can be made as a matter of right. It follows that petitioner is entitled to judgment annulling the board’s decision and directing it to order the Building Inspector to issue the permit.